Walker Mueller
1425 Garden St.
Redlands, CA 92373
Phone:     281.886.2433
Email:     walkermueller2024@gmail.com
*Plaintiff, Pro Se*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA
## RENO DIVISION

| | |
|---|---|
| WALKER MUELLER,<br><br>                    **Plaintiff,**<br><br>v.<br><br>PANASONIC CORPORATION OF<br>NORTH AMERICA. and JOHN DOE,<br><br>                    **Defendants.** | Case Number _ _ _ _ _ _ _ _ _ _ _<br><br><br><br>**PLAINTIFF'S COMPLAINT FOR<br>DAMAGES** |

Plaintiff, Walker Mueller, an individual, submits the following Complaint for Damages:

1.    Subject matter jurisdiction is conferred upon this Court under Title 28 U.S.C. Section 1332, or diversity jurisdiction, as Plaintiff and Defendants are citizens of different States, and the amount in controversy exceeds the jurisdictional limits of this Court.

2.    Venue is proper for all claims under Title 28 U.S.C. Section 1391(b)(2) in that a substantial part of the event or omissions giving rise to the claims occurred in this judicial district.

3.    Made Plaintiff herein:

    a.    Walker Mueller is an individual citizen of Bernadino County, State of California.

4.    Made Defendants herein are:

a.  Panasonic Corporation of North America is a corporation organized under the laws of the State of Delaware, with its principal place of business in Newark, New Jersey. Panasonic may be served by service on its registered agent for service of process, CT Corporation System, 701 Carson St., Ste 200, Carson City, NV 89701.

b.  Panasonic Energy Corporation of North America, an affiliate of Panasonic Corporation of North America, is a corporation organized under the laws of the State of Delaware, with its principal place of business in Sparks, Nevada. Panasonic Energy of North America does not maintain a registered agent for service of process in the State of Nevada. It may be served by service upon the Secretary of State at 202 N. Carson St., Carson City, NV 89701-4201.

c.  Plaintiff is unaware of the true names of John Does 1 through 25 and therefore sues them by such fictious names and will ask for leave of Court to insert their true names when such have been ascertained.

5.  Defendant Panasonic Corporation of North America is the principal U.S. subsidiary of Panasonic Corporation, f/k/a Panasonic Holdings Corporation, the Japanese multinational electronics company headquartered in Osaka, Japan.

6.  Panasonic Energy Corporation of North America was established in 2014 in Sparks, Nevada for the purpose of mass production of cylindrical-type lithium-ion batteries. Panasonic manufactures and supplies cylindrical lithium-ion cells for the world's leading electric vehicle manufacturer,

Tesla Motors, Inc., in a largescale advanced battery manufacturing facility known as Gigafactory 1 near Reno, Nevada. Gigafactory 1 is the largest lithium-ion battery factory in the world.[1]

7.  Beginning in 2014, it was announced that Panasonic would invest about $1.6 billion to equip Gigafactory 1 for lithium-ion battery cell production to be led by Panasonic.[2]

8.  On or about April 1, 2016, Panasonic Corporation of North America and Panasonic Energy Corporation of North America merged in their entirety, with Panasonic Corporation of North America as the surviving legal entity. Panasonic Corporation of North America continues to do business as Panasonic Energy North America. Panasonic Corporation of North America and Panasonic Energy North America will hereinafter collectively be called "Panasonic."

9.  Over the last decade, the electric vehicle (EV) has significantly changed the car industry globally, driven by the fast development of Li-ion battery technology. However, the fire risk and hazard associated with this type of high-energy battery has become a major safety concern for EVs.[3] Of particular concern are fire-safety issues related to thermal runaway and fire in Li-ion batteries.[4]

---

[1] https://careers.na.panasonic.com/industries/panasonic-energy-north-america#:~:text=Our%20northern%20Nevada%20operation%20manufactures,of%20life%20and%20expansive%20outdoor

[2] https://en.wikipedia.org/wiki/Gigafactory_Nevada
[3]

[4] Sun, P., Bisschop, R., Niu, H. *et al* A Review of Battery Fires in Electric Vehicles. *Fire Technol* **56**, 1361–1410 (2020); https://link.springer.com/article/10.1007/s10694-019-00944-3.

10. The lithium-ion battery is not only the fuel to power the EV but also the major fuel to feed the EV fire. Such fires are extremely dangerous due to the phenomenon of thermal runaway, a chain reaction within a battery cell that can cause it to overheat, catch fire, and explode.

11. The danger of lithium-ion battery fire and explosion is many times greater when batteries are not correctly manufactured under the proper conditions.

12. However, as reported by Business Insider in 2019, Panasonic's production of lithium-ion batteries at the Gigafactory in Nevada was a "world of chaos and waste."[5]



**Insiders describe a world of chaos and waste at Panasonic's massive battery-making operation for Tesla**

Linette Lopez  Apr 16, 2019, 12:56 PM CDT          ↪ Share    ⊟ Save

Panasonic operates in Tesla's Gigafactory in Sparks, Nevada.  YouTube/Duncan Sinfield

---

[5] https://www.businessinsider.com/panasonic-battery-cell-operations-tesla-gigafactory-chaotic-2019-4

- **Current and former employees at Panasonic's battery-making operation inside Tesla's Gigafactory said it's a chaotic environment where standard operating procedures often go ignored and there are half a million pieces of scrap generated daily.**

- **Current and former employees at Panasonic's battery-making operation inside Tesla's Gigafactory said it's a chaotic environment where standard operating procedures often go ignored and there are half a million pieces of scrap generated daily.**

13. Business Insider reported that there was "intense pressure to meet production goals and work at breakneck speed" inside the Gigafactory "as batteries roll[ed] off the production line and into [Tesla] Model 3s."[6]

14. The demands of Panasonic put pressure on workers to speed up production and keep it going, no matter what the result. Panasonic failed to put into place and enforce quality control measures and adequate policies and procedures to ensure the product was safe and free of defect.

15. Employees reported violations of standard operating procedures that went ignored without consequence at the facility, including:

   a. Objects falling into the chemical blend, including volatile lithium which could potentially damage the batteries;

   b. An oil spill that contaminated the manufacturing machines, resulting in contaminated product, with concern that Panasonic

---

[6] https://www.businessinsider.com/panasonic-battery-cell-operations-tesla-gigafactory-chaotic-2019-4

could not pinpoint when the spill occurred;

    c.  Employees' manipulation of inadequate tracking system to keep production moving without interruption;

    d.  Disabling sensors on machines that would catch defects, in order to keep production moving;

    e.  Ignoring rules for clean room dressing;

    f.  An assembly process that was not under control, as evidenced by an excessive amount of waste at the end of the process.[7]

16.    Other former employees likewise reported manufacturing irregularities that resulted in production of defective batteries produced for use in the Tesla Model 3. Martin Tripp, a former employee of Tesla, expressed grave concern after witnessing production line irregularities resulting in batteries that were dented, punctured, or otherwise defective, as well as other concerns.[8]

17.    Lithium-ion battery fires are very dangerous. Damaged or unstable batteries can overheat, leading to an explosive, aggressive fire that spreads rapidly, can reignite and is challenging to extinguish.[9] Lithium-ion batteries can enter an "uncontrollable, self-heating state" … resulting in "the release of gas, cause fire and possible explosion."[10]

---

[7] https://www.businessinsider.com/panasonic-battery-cell-operations-tesla-gigafactory-chaotic-2019-4
[8] See allegations in Martin Tripp's Response and Counterclaim, in *Tesla v. Martin Tripp*, Case No. 3:18-cv-00296-LRH-VPC, in the United States District Court for the District of Nevada (EFT No. 25), at p. 14-17.
[9] https://www.nyc.gov/assets/fdny/downloads/pdf/codes/dangers-of-lithium-ion-batteries.pdf
[10] https://www.nyc.gov/assets/fdny/downloads/pdf/codes/dangers-of-lithium-ion-batteries.pdf



*illustration*

18.    At all times pertinent hereto, Defendants were aware of the danger of extreme and uncontrollable fire posed by lithium-ion batteries they manufactured.

19.    Since 2013, there have been continuous reports from around the world dealing with lithium-ion battery related injuries and deaths. On January 13, 2021, the National Transportation Safety Bureau wrote a letter to auto makers utilizing lithium-ion batteries, including a letter to Al Prescott, Vice President, Legal for Tesla, Inc., urging them to follow its recommendations to take steps to mitigate risks related to the Li-ion batteries, including thermal runaway, "to improve transportation safety and save lives." Specific safety issues recognized by the NTSB included "Gaps in safety standards and research related to high-voltage lithium-ion batteries involved in high-speed, high-severity crashes."[11]

---

[11] January 13, 2021 letter from the Chairman of the NTSB to Al Prescott, Vice President, Legal, Tesla, Inc., https://www.ntsb.gov/safety/safety-recs/recletters/H-20-030-033.pdf

20. Tesla acknowledged in its 2022 annual report, as follows: "We may be required to defend or insure against product liability claims." "[T]he battery packs that we produce make use of lithium-ion cells. On rare occasions, lithium-ion cells can rapidly release the energy they contain by venting smoke and flames in a manner that can ignite nearby materials as well as other lithium-ion cells." "[T]here can be no assurance that a field or testing failure of our vehicles or other battery packs that we produce will not occur, in particular due to a high-speed crash."[12]

21. The risk of fire and/or explosion of lithium-ion batteries is greatly increased when the product is defective.[13] However, upon information and belief, Panasonic failed to sufficiently implement available quality control measures that would have mitigated the risk of producing dangerous and defective batteries for use in the Tesla Model 3.

22. Despite this knowledge, Defendants continued to manufacture, market, and sell their lithium-ion batteries without warning consumers such as Plaintiff of their potential danger, and instead, in favor or their own profits, have continued producing the defective batteries, and have foregone exploring available safer alternatives at the cost of the safety of consumers such as Plaintiff.

23. Panasonic, through its partnership with Tesla, placed the lithium-ion batteries into the stream of commerce with a conscious disregard for

---

[12] United States Securities and Exchange Commission Form 10-K Annual Report for the year ended December 31, 2022, of Tesla, Inc. at p. 18.
[13] https://www.cell.com/cell-reports-physical-science/pdf/S2666-3864(21)00265-4.pdf

the safety of consumers, including Plaintiff, with vehicles powered by Panasonic's lithium-ion batteries advertised as having a "safety-first design" with world-class safety features that "exceeded safety standards" and with "top ratings in all crashworthiness and front crash prevention categories."

24. Panasonic advertised its lithium-ion batteries and branded its image to the general public through its partnership with Tesla, and continues to do so, on social media and elsewhere.[14]



---

[14] https://twitter.com/panasonic_nv?lang=en

25. On or about November 29, 2021, Plaintiff Walker Mueller acquired a 2022 Tesla Model 3 (VIN: 5YJ3E1EC0NF103547) from Tesla.

26. Upon information and belief, Plaintiff's Tesla's Model 3 contained a lithium-ion battery manufactured by Panasonic at Gigafactory 1, specifically, an E3 2017L Panasonic Battery Pack (BT42).

27. On April 17, 2022, Plaintiff was driving his Tesla Model 3 in Redlands, California, when he suddenly lost control of his vehicle and collided with a tree (hereinafter, "the subject incident"). The vehicle erupted into flames shortly thereafter, while Plaintiff was still inside. Upon information and belief, the explosive fire was caused by a thermal runaway event due to the defective Panasonic lithium-ion battery.

28. The lithium-ion fire was so severe that all that was left of Plaintiff's vehicle was the burned-out hull.



29. According to reports of the Redland Fire Department EMS responders, the vehicle was fully involved in fire when the first responders arrived. Plaintiff Walker Muller had a full thickness burns to his entire upper back, neck, the right side of his face, crown of head, buttocks, and lower left leg. Upon examination burns were noted at approximately 40%-50% total BSA (Body Surface Area), with obvious blistering and sloughing of skin to the full dorsal side and spreading to the ventral aspect. He had blistered and peeling skin on both hands and into his finger webbing. Plaintiff was taken by EMS to Arrowhead Regional Medical Center. He was admitted to the burn unit where he was intubated and sedated and underwent numerous skin grafts.



# Redlands Fire Department

| Assessment Summary |
| --- |

**Detailed Findings**

*Details*

pt had full thickness burns to top of arms, the entire back, back of neck, right side of face, crown of head, buttocks and lower left leg.





1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





30.  Plaintiff Walker Mueller did not know and could not reasonably have known that the vehicle's lithium-ion battery was defective or that it would spontaneously and violently erupt into flame, creating a destructive thermal runaway event propelled by the battery's caustic chemical reactions. Had Walker Mueller known about the battery's defective condition at the time of acquisition, Plaintiff never would have acquired the vehicle at all.

31.  Were it not for the defective Panasonic lithium-ion battery, Plaintiff's injuries and burns would have been significantly less severe.

32.  Plaintiff was totally free from any fault whatsoever in causing or contributing to the crash and the resulting fire.

## STRICT LIABILITY – MANUFACTURING DEFECT

33.  Plaintiff repeats every allegation contained in the foregoing paragraphs and incorporates such allegations here by reference.

34.  Defendants, through their partnership with Tesla, benefited and profited from marketing, advertising and distribution of the 2022 Tesla Model 3 driven by Plaintiff Walker Mueller, containing the defective lithium-ion battery manufactured by Panasonic.

35.  The 2022 Tesla Model 3 driven by Plaintiff Walker Mueller contained a manufacturing defect when it left Tesla's possession that rendered it unreasonably dangerous – specifically, the lithium-ion battery manufactured by Panasonic.

36. The product was poorly manufactured, poorly designed, and failed to include safety features that could have prevented Plaintiffs' injuries or lessened their severity.

37. Defendants failed to warn consumers and, in particular, Plaintiff of the risk of explosion and fire caused by the lithium-ion battery in the 2022 Tesla Model 3.

38. Plaintiff was harmed by the 2022 Tesla Model 3, and, in particular, he was directly harmed by the explosion and fire caused by the defective lithium-ion battery manufactured by Panasonic.

39. As a direct and proximate cause of the conduct of Defendants and the defective design and manufacture of their product, and their failure to warn, Plaintiff Walker Mueller sustained damages as set forth herein, and in an amount to be proven at trial, but which is in excess of the jurisdictional limits of this Court.

40. Defendant Panasonic's conduct was fraudulent, malicious, and oppressive, justifying an aware of punitive damages pursuant to Nevada Revised Statutes 42.005 – NRS 42.005.

<u>STRICT LIABILITY – DESIGN DEFECT</u>

41. Plaintiff repeats every allegation contained in the foregoing paragraphs and incorporates such allegations here by reference.

42. Defendants, through their partnership with Tesla, benefited and profited from the marketing, advertising and distribution of the 2022 Tesla Model 3 driven by Plaintiff Walker Mueller, containing the defective lithium-ion battery manufactured by Panasonic.

43. The benefits of the Panasonic lithium-ion battery design did not outweigh the risks of the design, when considering the gravity of the potential harm resulting from the use of the lithium-ion battery, the likelihood that this harm would occur, and the feasibility of an alternative safer design at the time of manufacture, the cost of an alternative design, and the disadvantages of an alternative design.

44. Plaintiff was harmed by the 2022 Tesla Model 3, and, in particular, the defective lithium-ion battery manufactured by Panasonic.

45. The design defect in Defendants' lithium-ion battery was a substantial factor in causing Plaintiff Walker Mueller's harm.

46. As a direct and proximate cause of the conduct of Defendants and the defective design of their product, Plaintiff Walker Mueller sustained damages as set forth herein, and in an amount to be proven at trial, but which is in excess the jurisdictional limits of this Court.

47. Defendant Panasonic's conduct was fraudulent, malicious, and oppressive, justifying an aware of punitive damages pursuant to Nevada Revised Statutes 42.005 – NRS 42.005.

<u>**NEGLIGENCE**</u>

48. Plaintiff repeats every allegation contained in the foregoing paragraphs and incorporates such allegations here by reference.

49. As manufacturers of the lithium-ion battery made for the 2022 Tesla Model 3, Defendants had a duty to use reasonable care in the design, manufacture, advertising, and distribution of the product to the general public, including Plaintiff, and had a duty to warn consumers of its

dangerous condition.

50. Defendant Panasonic was negligent and breached its duties by, *inter alia*, designing, advertising, marketing, and distributing an unreasonably dangerous product, and in failing to warn consumers, including Plaintiff, of the dangerous condition of the lithium-ion battery made for the 2022 Tesla Model 3 driven by Plaintiff Walker Mueller.

51. As a direct and proximate result of the conduct of Defendants, Plaintiff Walker Mueller sustained damages as set forth herein, and in an amount to be proven at trial, but which is in excess of the jurisdictional limits of this Court.

52. Defendant Panasonic's conduct was fraudulent, malicious, and oppressive, justifying an aware of punitive damages pursuant to Nevada Revised Statutes 42.005 – NRS 42.005.

<u>FAILURE TO RECALL</u>

53. Plaintiff repeats every allegation contained in the foregoing paragraphs and incorporates such allegations here by reference.

54. Defendants, through their partnership with Tesla, benefited and profited from the marketing, advertising and distribution of the 2022 Tesla Model 3 driven by Plaintiff Walker Mueller, containing the defective lithium-ion battery manufactured by Panasonic.

55. Defendants knew or reasonably should have known that the 2022 Tesla Model 3 was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner, due to the dangerous condition of the lithium-ion battery manufactured by Panasonic.

56.  Pleading In the alternative, Defendants became aware of the defect in the 2022 Tesla Model 3 after the vehicle was distributed.

57.  Defendants failed to recall the Panasonic lithium-ion battery in Plaintiff's 2022 Tesla Model 3 vehicle, when a reasonable and prudent manufacturer and/or distributer under the same or similar circumstances would have recalled the product.

58.  Plaintiff Walker Mueller was harmed by the 2022 Tesla Model 3, and in particular, by the lithium-ion battery manufactured by Defendants.

59.  Defendants' failure to recall their defective product was a substantial factor in causing Plaintiff's harm.

## DAMAGES

60.  As a direct and proximate result of the conduct of Defendants, Plaintiff Walker Mueller sustained damages as set forth herein, and in an amount to be proven at trial, but which is in excess of the jurisdictional limits of this Court.

61.  As a result of the foregoing acts and omissions of Defendants, Plaintiff sustained injuries and damages, including, without limitation, the following:

     a.  Physical pain and suffering, past;

     b.  Physical pain and suffering, future;

     c.  Mental pain and suffering, past;

     d.  Mental pain and suffering, future;

     e.  Medical expenses, past;

     f.  Medical expenses, future;

g.  Loss of income and/or loss of earning capacity, past;

h.  Loss of income and/or loss of earning capacity, future;

i.  Loss of enjoyment of life and inconvenience, past;

j.  Loss of enjoyment of life and inconvenience, future;

k.  Permanent disability.

l.  Scarring and Disfigurement; and

m. All legal interest from the date of judicial demand, costs, and expenses of these proceedings

n.  Loss of enjoyment of life and inconvenience;

o.  Punitive and Exemplary Damages;

p.  Attorney's Fees

q.  Legal interest from the date of judicial demand; and

r.  All costs of court and expenses incurred in the prosecution of this litigation.

## JURY DEMAND

62.  Plaintiff demands a trial by jury.

## PRAYER

63.  Plaintiff WALKER MUELLER respectfully prays as follows:

a.  That Defendants be cited to appear and answer herein;

b.  For Judgment to be rendered herein in favor of Plaintiffs and against Defendants, jointly, severally and in solido, for an award of all damages allowable by law in the full and true sum of an amount to be proven at the trial on the merits of this matter, plus legal interest thereon from the date

of judicial demand until paid, and for all costs of these proceedings, and for all other just and equitable relief to which he may be entitled at law or in equity.

<u>CERTIFICATION AND CLOSING</u>

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; ((2) is supported by existing law or by a nonfrivolous argument for extending, modifying or reversing existing law; (3) the factual contentions have evidentiary support, or, if specifically so identified will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's office may result in the dismissal of my case.

DATED this 17TH DAY OF APRIL 2024.


*/s/ Walker Mueller*
WALKER MUELLER
**PLAINTIFF PRO SE**
1425 Garden St.
Redlands, CA 92373
Phone:       281.886.2433
Email:       walkermueller2024@gmail.com